*In re* McADAM.

(*Supreme Court, Special Term, New York County.* April 1, 1889.)

**1.** CONTEMPT—BY WITNESS—PROCEDURE.

Under Code Civil Proc. N. Y. § 856, relating to contempt by a witness, and providing that the person issuing the subpœna, if a judge, may forthwith, or, if he is not, then any judge may, upon proof by affidavit of the facts, by warrant commit the offender, the proceeding is summary; and an order for the issuance of the commitment is not necessary, though the offender is brought before the judge on order to show cause.

**2.** SAME—COMMITMENT.

The section providing that the offender may be committed to jail, there to remain until he submits to do the act which he was required to do, or is discharged according to law, a commitment following the language of the section is good.

**3.** JUDGE—AUTHORITY—VACATING ORDER OF ANOTHER JUDGE.

One justice of the supreme court, sitting at chambers, is not authorized to vacate a commitment issued by another justice, in a case in which he had jurisdiction, after both sides had an opportunity to be heard; the latter justice having refused to vacate the commitment.

At chambers. On application to vacate warrant of commitment of Graham McAdam for contempt.

*De Lancey Nicoll,* for the commissioners of accounts. *Peter Mitchell* and *George H. McAdam,* for respondent.

LAWRENCE, J. This is an application to vacate the warrant of commitment issued herein on the 21st day of March, 1889, against Graham McAdam, and for an order determining the question arising upon the order to show cause heretofore granted herein, which was heard on the 21st day of March, 1889, before Mr. Justice INGRAHAM. Graham McAdam was duly subpœnaed as a witness before the commissioners of accounts in an examination then pending before said commissioners. The statute (chapter 516, Laws 1884,) provides that, "for the purpose of ascertaining facts in connection with these examinations, they [the commissioners] shall have full power to compel the attendance of witnesses, to administer oaths, and to examine such persons as they may deem necessary." The subpœna was issued under section 854 of the Code of Civil Procedure. Having refused to answer certain questions, under section 856 of said Code, an application was made for a warrant to commit the witness to jail until he should answer the same. That application was made under an order to show cause. The making of such order was, however, unnecessary, as the section in question prescribes that "the person issuing the subpœna, if he is a judge of a court of record, or not of record, may forthwith, or, if he is not, then any judge of such court may, upon proof by affidavit of the facts, by warrant commit the offender to jail, there to remain until he submits to do the act which he was required to do, or is discharged according to law." Upon hearing the parties, the justice sitting at chambers

issued a warrant, perfect and correct in form, reciting the question which the witness had refused to answer, and directing the sheriff to commit said witness to jail until he submits to do the act which he was required to do aforesaid, or is discharged according to law.   See Code, §§ 856, 857.   I am now asked to vacate the warrant of commitment and to make an order determining the questions which arose before Mr. Justice INGRAHAM.   The counsel have not referred me to any authority which decides that I have the power to vacate a commitment issued by another justice, in a case in which the jurisdiction of the judge clearly appears, and after both sides have had an opportunity of being heard.

The claim on the part of the witness' counsel that,—because he was brought before the judge upon an order to show cause,—to make the proceeding regular, an order should have been entered for the issuance of the commitment, is, I think, without force.   Section 856 of the Code contemplates a summary proceeding before a judge, who is authorized to issue the commitment upon proof by affidavit of the facts.   Such proof was given in this case, and the mere fact that the offender was heard before the issuing of the commitment was determined upon, certainly does not affect its validity.   The sections of the Code referred to by the counsel for the witness have no application, in my opinion, to cases arising under sections 854–856, etc., of the Code.   As before stated, the commitment under section 856 is a summary proceeding, and is not controlled or governed by proceedings to punish for contempt in ordinary actions and special proceedings.   The case of *Sherwin* v. *People*, 100 N. Y. 351, 3 N. E. Rep. 465, arose under an indictment for a criminal contempt, and depended upon the construction of a provision of the Revised Statutes. It has no relevancy to the question presented for consideration in this case. In *King* v. *James*, 5 Barn. & Ald. 894, a commitment was held bad because it was indefinite as to the time for which the defendant was to be held for the contempt.   In this case the Code prescribes that the contumacious witness shall be committed to jail, there to remain until he submits to do the act which he was required to do, or is discharged according to law; and the commitment follows the language of the statute.   *People* v. *Keeler*, 99 N. Y. 463, 2 N. E. Rep. 615, so far as it has any bearing upon this case, supports the contention of the commissioners, as it holds that a witness is in contempt who willfully withdraws before his examination is closed, and that it is immaterial in such a case whether the questions which he refuses to answer were proper or not.   The cases from the Texas, South Carolina, and Mississippi Reports contain much instructive reading as to general principles, but do not, in my opinion, throw any light upon the present proceeding.   Even if these views are not correct, I do not see how one judge, sitting at chambers, is authorized to direct that an order should be made upon a decision rendered by another justice, when the justice rendering the decision has refused to enter such order.   It follows, therefore, that this application must be denied.