## *Ex Parte* Kenney.

### DIVISION TWO.

1. **Habeas Corpus:** ERRONEOUS SENTENCE: STATUTE. The supreme court will not on *habeas corpus* discharge a prisoner because of an erroneous sentence to the penitentiary by the trial court, but will, under Revised Statutes, 1889, section 4300, enter a proper judgment and remand him.

2. ———: ———: ———. The foregoing rule is applicable where two sentences are so erroneously entered as to run contemporaneously and the supreme court will in such case enter a proper judgment, making the second sentence take effect on the expiration of the first.

*Habeas Corpus.*

PRISONER REMANDED.

*F. E. Luckett* for petitioner.

*John M. Wood*, Attorney General, for the State.

GANTT, P. J.—This was an application on part of petitioner for discharge from the penitentiary on a writ of *habeas corpus*. Prisoner was indicted at the November term, 1888, for burglary and larceny by the grand jury of Dade county, Missouri. He was duly arraigned, and, on his plea of not guilty, was convicted by the jury, and his punishment assessed for the burglary, at three years in the penitentiary, and for the larceny, two years. The sentence was pronounced by the court on the second day of February, 1889.

As the record in the case was made up, the clerk made two entries on his record as if there were two distinct causes, and the sentence directed that the defendant be imprisoned for the term of two and three years, respectively, beginning February 3, 1889. The claim of the petitioner is that these sentences beginning on the same date, and his conduct having been exemplary as a prisoner, he is now entitled to the benefit of the three-fourths rule. Upon an examination of the record, it is evident the sentence is simply an erroneous entry of the judgment, and, under section 4300, we cannot discharge the petitioner, but, proceeding to perform our duty under the statute, it is considered, ordered and adjudged by the court that the said William Kenney be confined in the penitentiary of Missouri for the remainder of the term of five years from February 3, 1889, so assessed by the jury in the circuit court of Dade county, Missouri, that is to say, the said William Kenney shall be remanded to the custody of the warden of said penitentiary, to be by him confined therein, for the remainder of the term of three years from February 3, 1889, not yet expired, for the burglary aforesaid, and, at the expiration of said term of

Fath v. Tower Grove & LaFayette Ry. Co.

three years, the said petitioner, William Kenney, shall be confined in said penitentiary for the further term of two years for the said larceny, or until he is discharged according to law. All concur.