CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Respondent, v. GILDERSLEEVE, Appellant.

St. Louis Court of Appeals, October 17, 1905.

CONTEMPT OF COURT: Indeterminate Sentence. A commitment of one to prison for contempt of court, for a given time, is not void as being indeterminate by the addition of the phrase, "or until he shall be discharged according to law."

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy,* Judge.

AFFIRMED AND REMANDED.

*Chester H. Krum* and *Edward J. O'Brien* for appellant.

The judgment of commitment is void, because indeterminate. To commit one to jail for a period of ten days, or until he shall be discharged according to law, is a species of judgment which cannot be sustained upon any theory.

*Edward S. Robert* and *Douglas W. Robert* for respondent.

The words "or until he shall be discharged according to law" added to the sentence do not render the commitment void. Ex parte Kenney, 105 Mo. 535; Ex parte O'Brien, 127 Mo. 487; Kelly on Justices, sec. 768-815; Pattison's Mo. Form Book, secs. 291, 661, 705; R. S. 1899, secs. 1617, 2432, 2775, 2897; Rapalje on Contempt, page 252; In re McAdam, 5 N. Y. Supp. 387; State v. Bridge Co., 16 W. Va. 890; In re Rosenberg, 90 Wis. 581; Mason v. Haile, 12 Wheat. (U. S.) 370; Ammidon v. Smith, 1 Wheat. (U. S.) 447.

GOODE, J.—The appellant was adjudged to be in contempt of the circuit court of the city of St. Louis, for disobeying a restraining order of that court. The punishment imposed was imprisonment in the jail of the city for a period of ten days from the 19th day of October, 1904, at 10 o'clock a. m. until 10 o'clock a. m. of the 29th day of October, 1904, or until he should be discharged according to law. A special appeal was allowed by one of the judges of this court and a supersedeas granted. The contention of the appellant is that his sentence is void because uncertain as to time, and the argument is that it was rendered indeterminate by the phrase, "or until he shall be discharged according to law." These words are usual in commitments and, so far as we know, have been approved by all courts having occasion to consider their propriety. The sentence is one for an imprisonment not to exceed ten days. The effect of the qualifying phrase is favorable to the appellant—that is to say, the court might order him discharged, if it saw fit, prior to the expiration of the time limited; or, perchance, some superior court might have discharged him in a habeas corpus proceeding. These very words were used by the Supreme Court of Missouri in re-sentencing a prisoner charged with burglary and larceny. [Ex parte Kenny, 105 Mo. 535, 16 S. W. 938.] They have been used often in other cases, of which we will cite; State v. Bridge Co., 16 W. Va. 890; In re McAdam, 5 N. Y. Supp. 387; In re Rosenberg, 90 Wis. 581, 588.

The period for which appellant was to be imprisoned, according to the order appealed from, has passed; therefore the judgment of the circuit court is affirmed in all things except as to the dates of the inception and termination of the imprisonment, and the cause is remanded with the direction to re-commit the appellant. All concur.