**STATE of Missouri, Respondent,**

v.

**Paul Wayne WHISLER, Appellant.**

No. 50325.

Supreme Court of Missouri,

Division No. 2.

Feb. 10, 1964.

No attorney for appellant.

Thomas F. Eagleton, Atty. Gen., Jeremiah D. Finnegan, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

Paul Wayne Whisler has appealed from an order denying his motion to set aside a sentence and judgment. The court in which he was originally tried, after examination of the application and all relevant files in his original cases, denied the motion. He was permitted to prosecute this appeal as a poor person and a duly authenticated transcript of all the proceedings, signed by the trial judge, has been lodged in this court. His principal claim is that he was guilty of the misdemeanor offense of an attempt to escape from a county jail (V.A.M.S. § 557.410) rather than the felony offense of an actual escape (V.A.M.S. §§ 557.380, 557.390) and, since he has now served more than one year's imprisonment in the penitentiary, should be discharged under a corrected sentence. Ex parte Bethurum, 66 Mo. 545; Ex parte Kenney, 105 Mo. 535, 16 S.W. 938; Annotation 76 A.L.R. 468. The insuperable difficulty with the appellant's claim is that the transcript filed in his behalf reveals that the information charged that " * * while said Defendant was in the said Phelps County jail, *the said Defendant did break such prison and escape therefrom.*" Furthermore, before accepting his plea of guilty the court said, "You are charged here with breaking County Jail." Whisler answered, "Yes, sir." The court then informed him, since he was twenty-two, that if he was convicted by a jury or entered a plea of guilty "—you could go to the penitentiary. A. I know that. Q. You understand that? A. Yes, sir." The consequence to the appellant is that in this court the certified transcript is conclusive. State v. Thompson, (Mo.) 324 S.W.2d 133, 136. And according to the transcript the appellant was sentenced to three years' imprisonment for the crime of an escape under §§ 557.380, 557.390 and not for the misdemeanor offense of an attempt to escape from a county jail under § 557.410. Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.