ORLANDO C. BROWN, petitioner, *vs.* WARREN W. RICE.

After a convict has been duly committed to jail on a warrant of commitment, in pursuance of a legal sentence, the judge cannot revise and increase it, although the punishment, imposed by the latter sentence, be within the limit fixed by law.

PETITION for a writ of *habeas corpus.*

The petition alleged substantially that at the time of its date the petitioner was unlawfully held in custody at Portland, by Warren W. Rice, the warden of the State prison, by virtue of a warrant of commitment from the superior court of Cumberland county, a copy of which was thereto annexed; that at the January term, 1870, of said court, the petitioner was indicted for cheating by false pretences, and, upon being arraigned, pleaded guilty thereto; that on January 11th, he was sentenced by the justice of said court, upon conviction on said indictment, to be imprisoned in the county jail, at Portland, for six months, and on the same day was committed in execution of the sentence; that thereupon he entered upon the term of said imprisonment and was serving the same, when, on January 29th, the justice of said court undertook to revoke said sentence and sentence the petitioner on said indictment and conviction to be imprisoned in the State prison for the term of three years; that the latter sentence was without authority of law; that the warrant under which the petitioner was held was issued in pursuance of such illegal sentence.

The remaining facts sufficiently appear in the opinion.

---

---

*Davis & Drummond,* for the petitioner.

. *N. Webb,* county attorney, for the respondent.

KENT, J.   The question presented by the case before us is, whether the sentence to three years' imprisonment in the State prison was legally imposed.   It is not objected that such a sentence was beyond the limit fixed for the crime, but it is urged that the court had no power to inflict it, because the same court had passed a prior sentence of six months' imprisonment in the county jail on the same indictment, and had issued a warrant of commitment, which had been executed by the sheriff, by committing the prisoner to the jail, and he had been received by the jailer and entered on the register as such prisoner, and had remained as such for nineteen days of the six months, before he was recalled into court, and the second sentence imposed.

After conviction, if no legal bar is interposed, it is the duty of the court to award sentence, and after such sentence of imprisonment is pronounced and recorded on the docket, it is the duty of the court to issue a warrant to the sheriff or warden, directing him to take the convict into custody, and remove him to the designated place of confinement.   When the court has done these acts it would seem to have done all that it had legal power to do, and its power over the prisoner or his destiny, under the proceedings then before it, would appear to be at an end.

If there had been any irregularities or any illegal proceedings, the remedy would be by writ of error, or review, or by *habeas corpus,* or some other new proceeding.

It is clear that a judge cannot pass two sentences, to be in force at the same time.   He cannot pass a sentence of imprisonment in the county jail for a specified time, and afterwards add to it a sentence of years in the State prison, to take effect after the expiration of the first part of the sentence.

If there can be any validity in the second sentence, it must be because the first sentence is legally annulled or revoked and made entirely void.

How far does the power of the court in this respect extend? It seems to have been settled by practice and by authority, both in this country and in England, that during the term the court has power over its unexecuted entries or judgments, and may revoke, alter, or substitute new decrees or entries in place of those before made or entered and not executed, both in civil and criminal cases. If, for instance, a default is entered in a civil suit, and a special judgment is ordered and entered on a day before the end of the term, and also that execution issue accordingly, it seems that before the execution is actually issued, the court may revoke and strike out the entry and leave the case without any special entry. But if an execution had been duly issued, and if a levy had been made or commenced, it would clearly be beyond the power of the judge to annul the record by ordering the clerk to erase the entry. So in a criminal case, so long as the sentence remains entirely unexecuted in any part, and no execution of it has been attempted or made, it has been held that it might be revoked, and another sentence be substituted. *Commonwealth* v. *Weymouth,* 2 Allen, 145.

Chief Justice Shaw, in *Stickney* v. *Davis,* 17 Pick. 169, says,— when speaking of a judgment in a civil case,—" where it clearly appears that no action has been had on the judgment, or the execution, if one has been issued, has been returned to the files unexecuted, and where the rights of third persons cannot be affected, there seems to be no reason why the same thing (as an entry of a judgment *nunc pro tunc*) should not be done by vacating the entry of judgment, and bringing the action forward. This ought to be done with great caution, and with strict regard to the rights of others."

These cases certainly are as strong for the respondent as any that can be found, and recognize the right of the court to go as far, at least, as we can find either reason or authority for going. But they stop at the point of execution, and clearly express or imply that after execution or warrant issued and executed, this power of summarily changing the record, or judgment, or sentence, is at an end.

In this case the warrant had issued, had been executed, the pris-

oner had been under sentence, and in prison, under the warrant, and had suffered nineteen days of confinement.. This was a legal sentence, and was in process of execution, when, for some reason, doubtlessly one that the judge deemed sufficient, he was brought from the jail, and the former sentence was recalled and revoked and the new one imposed.

If these proceedings were legal, it would seem that this prisoner must suffer punishment under two distinct sentences for the same offence. If the judge could annul the first sentence as to its legality afterwards, he could not annul or restore the nineteen days of imprisonment suffered under it. If now he is to be sent to the State prison for three years more, not counting his time in jail under the first sentence, he certainly must suffer two distinct imprisonments under two distinct sentences, given at a considerable interval of time, for the same offence, and under one indictment.

We think that the sentence in question to the State prison was illegally imposed, and is void and cannot be carried out. We think the first sentence was legal, and should be executed.

APPLETON, C. J.; CUTTING, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.