## WILLIAMS v. STATE.

## Opinion delivered July 10, 1916.

1. WITNESSES—CONVICTED FELON—CONTEMPT.—One under conviction for homicide and confined in the State penitentiary, when actually brought into the circuit court in the capacity of a witness in another trial may be compelled by the court to testify, and the court has the power to punish him for contempt for his refusal to do so.

2. APPEAL AND ERROR—JUDGMENT AND IMPRISONMENT FOR CONTEMPT.—The circuit court is without authority to set aside a former judgment of conviction of felony, which judgment is then being enforced, for the purpose of imposing punishment for contempt and enforcing that judgment.

3. CRIMINAL LAW—"SOLITARY CONFINEMENT"—UNUSUAL PUNISHMENT—CONTEMPT.—An order of a circuit judge adjudging defendant to be in contempt, and sentencing him to "solitary confinement" is void, being in violation of Art. II., § 9, Const. 1874.

Certiorari to Pulaski Circuit Court; *R. J. Lea*, Judge; reversed.

*Robert L. Rogers*, for appellant.

1. Appellant was clearly beyond the jurisdiction of the court while serving his sentence in the State penitentiary and had made no request to have his sentence set aside or modified. 110 Ark. 251; 7 A. & E. Enc. L. 36; 60 N. Y. 559; 19 Am. Rep. 211; 30 Tex. App. 566; 70 Mich. 324 79 *Id.* 320; 44 N. W. 615; 42 *Id.* 1123; 70 Mich. 320.

2. Appellant was not guilty of contempt and there is no such punishment, under our laws, as "solitary confinement." Kirby's Digest, §§ 719-725, 3134, 3121-4 and cases *supra*.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. The appellant was under the complete jurisdiction of the court. 110 Ark. 251; Kirby's Digest, 3127, 3877; Act 222 Acts 1913; 50 Ark. 161; 32 *Id.* 462; 40 Cyc. 2160; 166 Fed. 74; 4 Wigmore on Ev. §.2199; 61 Pac. 961; 46 L. R. A. 707; 7 Paige, 150; 45 Ark. 245; 9 Barn. & Cress. 446; 110 Ill. 627; 51 Am. Rep. 706.

2.   The action of the court in suspending the sentence was a proper exercise of judicial power. 74 Ind. 87; 67 N. Y. 218; 110 Ga. 234; 7 Utah, 378; 65 Cal. 138; 49 Mo. 282; 124 Ky. 115; 50 Tex. Cr. Rep. 114; 61 Cal. 387; 9 Wallace, 38; Black on Judgments, § 297; 12 Cyc. 788; 106 N. Y. Supp. 925; 117 Fed. 798; 117 N. Car. 804.

3.   Appellant was guilty of contempt.   185 S. W. 473; Const. Art. 7, § 26; 69 Ark. 550; 14 *Id.* 538; 16 *Id.* 384.   The punishment for contempt is largely within the discretion of the court and no abuse of discretion appears.

McCULLOCH, C. J.   The appellant, Oscar Williams, has brought here for review the record of the proceedings of the circuit court of Pulaski County wherein he was adjudged by that court to be in contempt and sentenced, as a punishment for said contempt, to "solitary confinement" in the county jail of Pulaski County for a period of four months.   It appears from the record that appellant was, on April 19, 1916, tried upon an indictment charging him with murder in the second degree and was convicted of that offense and sentenced to the State penitentiary for a term of five years, and on April 28th he was duly sentenced by the court and was delivered to the State penitentiary to begin his sentence.

L. B. King was indicted on the charge of being an accessory after the fact to the crime committed by appellant and was placed on trial in the Pulaski circuit court. Appellant was brought out of the penitentiary to attend the trial of King, and was by the State introduced as a witness, but he refused to testify in response to certain questions propounded to him by the prosecuting attorney, whereupon the trial court remanded appellant to the county jail until the next day.   It is stated in the briefs, and not denied, that King was acquitted, though it does not appear that that fact was brought into the record in the present proceedings.   At any rate, the appellant was subsequently brought out of jail upon order of the trial court, and an order was made setting aside the judgment of conviction and he was put on trial before the

court for contempt in refusing to testify in the King trial. Certain questions were propounded to appellant by the court and by the prosecuting attorney as to his reason for refusing to testify against King, and as he gave no satisfactory excuse for such refusal the court adjudged him to be in contempt and ordered him confined in the county jail in "solitary confinement" until September 16, 1916, a period of four months from the date of judgment.

(1) It is contended in the first place that there was no statutory authority for the court to compel or to provide for the attendance of appellant as a witness, but we pass over that point without discussion as we are of the opinion that when appellant was brought into court, by whatever means that were adopted, the court had the power to compel him to testify and to punish him for contempt for his refusal. The statute (Acts, 1913, p. 961) makes a convict competent as a witness, and the court had jurisdiction over his person when he came or was brought into court.

We pass, therefore, to the more serious question whether or not the court had the power to set aside the former judgment of conviction of felony, which judgment was then being enforced, for the purpose of imposing punishment for contempt and enforcing the judgment. While the question is not entirely free from doubt, we are of the opinion that the court possessed no such power. The Attorney General relies upon the established doctrine that all courts have continuing powers over their own judgments during the terms at which they are rendered; but while that power is an undoubted one, there are limitations upon the extent to which it may be exercised. There seems to be no question about the power of the court to set aside a judgment of conviction before the convict has begun serving his sentence, nor is there any doubt that the court has the power at any time during the term to set aside a judgment for the correction of errors. Here we have a case of the court attempting to set aside a judgment, not before the term of the sentence was begun, nor for the purpose of correcting any errors, but merely

for the purpose of imposing another sentence during the period of the suspension of the judgment.

The court in its order imposing the punishment of confinement in the jail ordered that the appellant be brought into court at the expiration of the term for further proceedings in the original cause. The law takes no account of parts of a term of sentence, which continues from beginning to end as one term. Therefore the court was without power to separate it into parts for the purpose of giving time to punish for other offenses. This does not mean, of course, that courts are without power to punish convicts for other crimes. On the contrary, we have held that a convict serving a life term may be tried and executed for a capital offense. *Bell* v. *State*, 120 Ark. 530. That is so because the lower punishment of imprisonment is merged in the higher one, the infliction of the death penalty.

There can be no higher punishment for contempt than that which had already been imposed on appellant by his conviction of a felony. A punishment by confinement in the county jail might have been imposed to run after the expiration of his other sentence, but there is no such punishment known to our law as "solitary confinement." In that sense it is an unusual punishment which is expressly prohibited by the constitution of the State, which declares that cruel and unusual punishment shall not be inflicted. Const. 1874, Art. II, Sec. 9. That provision of the constitution is directed against the cruel or unusual character of punishment, and not against the duration of the punishmnet. *Ex parte Brady*, 70 Ark. 376. And that provision applies to punishment for contempt. *Ex parte Keeler*, 45 S. Car. 537, 31 L. R. A. 678. The term "solitary confinement" is a relative one and there is no way of knowing the precise extent to which it may be carried. A prisoner may be put in a cell to himself without being entirely excluded from communication, or he may be confined in a place so remote and under circumstances so peculiar that the severity of the punishment would be augmented to a very considerable degree. Misdemeanors are punishable in this State by

fine or imprisonment,. or both, and any other character of ·punishment must necessarily be regarded as unusual within the prohibition of the constitution.

We conclude, therefore, that the judgment of the circuit court for the confinement of appellant in jail as a punishment for the contempt, to begin before the expiration of his term in the penitentiary, is void; and also that any judgment of confinement in any unusual manner is prohibited. It follows from this that the order of the court setting aside the judgment was without authority, and the judgment of conviction stands as if 'it had not been set aside, and appellant must be remanded to the keepers of the penitentiary for confinement under that judgment.

The judgment for the contempt is reversed and the cause remanded for further proceedings not inconsistent with this opinion.