STATE OF MISSOURI, PLAINTIFF, v. TOM SMITH, DEFENDANT.*

In the Springfield Court of Appeals. August 13, 1927.

*Corpus Juris-Cyc. References: Crimainal Law, 16CJ, p. 1334, n. 57; p. 1336, n. 89; Indictments and Informations, 31CJ, p. 717, n. 30.

BAILEY, J.—On the 27th of November, 1925, the Prosecuting Attorney of Pemiscot county filed an information against defendant charging that on or about November 27, 1925, defendant did "willfully and unlawfully possess and have in his possession certain intoxicating liquors; to-wit: about two one-half pints of 'moonshine' corn whiskey and that the possession of said whiskey by him, the said

Tom Smith as aforesaid, was then and there prohibited and unlawful and contrary to the form of the States, etc." On the 23rd day of March, 1926, defendant plead guilty to the charge and the court fixed his punishment at a fine of two hundred dollars ($200) and a term of six months imprisonment in the county jail. Thereafter the court, by its order, granted an indefinite stay of execution on the jail sentence upon condition that defendant would not again violate the law and also granted a stay of execution on the fine and costs for a period of sixty days. On the 28th of September, 1926, the order granting the stay of execution was, by the court, set aside and defendant was thereupon incarcerated in the county jail. Thereafter, and within one year from the date of judgment, defendant sued out his writ of error in this cause, and the record has been certified to this court for review.

No brief has been filed by defendant and the only questions for review have to do with the record proper. In his petition for the writ of error defendant asserts that the information does not charge defendant with any offense. No particulars are set out. The information is regular in every respect and charges the offense in the language of the statute. It is not necessary to charge the possession was for beverage purposes. [State v. Keltner, 278 S. W. 825; State v. Moore, 279 S. W. 134; State v. Sparks, 278 S. W. 1073; State v. Hoelscher, 273 S. W. 1098.] Further examining the record it will be observed that the court granted an indefinite stay of execution without bond, as to the jail sentence. The order granting such stay of execution was without authority of law and void. [Ex parte Thornberry, 254 S. W. 1087; Ex parte Cornwall, 223 Mo. 259, 122 S. W. 666; State ex rel. v. Kelly, 274 S. W. 731.]

The order made September 28, 1926, setting aside the stay of execution was made more than six months after the judgment and sentence. It might be urged that since the punishment was fixed at six months, defendant has, in contemplation of the law, served his sentence and, therefore, the order by which he was committed to jail is void. The only cases in this State, in so far as we have found, in which this identical question arose are Ex parte Bugg, 163 Mo. App. 44, 145 S. W. 831, decided by this court and Ex parte Brown (not officially reported) handed down at the present term of this court. In the Bugg case, supra, in an able opinion by Judge Cox, it was held that the defendant "was not technically in jail while he was, in fact, at liberty, and the lapse of time after sentence for which he was adjudged to be confined in jail did not release him from liability to be retaken and required to serve the remainder of the time." [l. c. 48.] The same rule was followed in Ex parte Brown. While there is substantial authority from other states, contra, we perceive no sufficient reason for disturbing the previous rulings of this court. In the case at bar, where but six months and five days time had

elapsed, the question of long lapse of time between the original sentence and subsequent "infliction of punishment" does not arise as in the Bugg and Brown cases, supra.

We find nothing in the record to prejudice the rights of defendant. The judgment is accordingly affirmed.

*Cox, P. J.,* and *Bradley, J.,* concur.