STATE *ex rel.* RAYMOND F. ROBERTS

*v.*

E. H. TUCKER, WARDEN, WEST VIRGINIA PENITENTIARY

(No. 10922)

Submitted October 1, 1957. Decided October 29, 1957.

*Benjamin F. Yancey, Jr.,* for relator.

*W. W. Barron,* Attorney General, *George Howard Mitchell,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

In this original proceeding in habeas corpus ad subjiciendum, relator, Raymond F. Roberts, filed his petition alleging that: On July 19, 1957, the Criminal Court of Mercer County sentenced relator, upon his plea of guilty to the charge of armed robbery, to confinement in the penitentiary of this State for the term of ten (10) years; on the same day, he escaped from the custody of the jailer of the Mercer County jail; he was recaptured on July 20, 1957; and, on July 22, 1957, he was recalled before the Criminal Court of Mercer County, the previous judgment was set aside and a new sentence of thirty (30) years imposed. This Court issued the writ as prayed for directed to the respondent, E. H. Tucker, Warden, West Virginia Penitentiary.

Respondent made a proper return, alleging that relator was legally in custody under a valid judgment, and demurred primarily on the grounds: (1) That a court of record in a criminal proceeding has inherent power and jurisdiction to set aside a sentence and impose a new and increased punishment, if done at the same term in which the first judgment was rendered and prior to commitment thereunder; and (2) that, in the absence of a showing that the sentence imposed upon petitioner is wholly or partially void, this Court is without jurisdiction to review the same in a proceeding in habeas corpus.

Respondent also filed with the Court, by agreement of the parties, true copies of the indictment, all orders in the proceedings in the Criminal Court of Mercer County, a transcript of the evidence taken upon the re-sentencing, and the affidavit of L. T. Reynolds, Clerk of the Criminal Court of Mercer County; stating that the Criminal Court

of Mercer County was in continuous session from July 1, 1957 until July 29, 1957, and that the only commitment in the instant case was issued on July 23, 1957, pursuant to the court's order of July 22, 1957, imposing a sentence of thirty years confinement in the penitentiary. It was stipulated and agreed that such could be read and considered by this Court in this proceeding as the original records.

Upon the question of whether a trial court in a criminal case may, at the same term at which it is entered, set aside an order imposing sentence, and by another order impose a larger sentence, the law seems to be well settled. *State ex rel. Williams* v. *Riffe, Judge,* 127 W. Va. 573, 34 S. E. 2d. 21; *State* v. *Crook,* 115 N. C. 760, 20 S. E. 513; *United States* v. *Benz,* 282 U. S. 304, 75 L. Ed. 354, 51 S. Ct. 113; *Ex parte Lange,* 18 Wall (U. S.) 163, 21 L. Ed. 872; *Emerson* v. *Boyles,* 170 Ark. 621, 280 S. W. 1005; *Williams* v. *State,* 125 Ark. 287, 188 S. W. 826; *Tanner* v. *Wiggins,* 54 Fla. 203, 45 So. 459; *People ex rel. Lucey* v. *Turner,* 273 Ill. 546, 113 N. E. 105; *Smith* v. *District Ct.,* 132 Iowa 603, 109 N. W. 1085; *State* v. *Meyer,* 86 Kan. 793, 122 P. 101; *Brown* v. *Rice,* 57 Me. 55; *Com.* v. *Foster,* 122 Mass. 317; *Ex parte Cornwall,* 223 Mo. 259, 122 S. W. 666; *Hickman* v. *Fenton,* 120 Neb. 66, 231 N. W. 510.

In *State ex rel. Williams* v. *Riffe, Judge, supra,* this Court said: "There seems to be no doubt that under the weight of authority, a criminal, as well as a civil, court may, for certain purposes, set aside a judgment by an order entered during the same term at which the order set aside was spread upon the records of the court. That rule, however, in criminal cases where the judgment has been satisfied in whole or in part, is limited to those cases in which the trial court reduces the penalty imposed. Cases in which the penalty is increased are treated as subjecting the accused to double jeopardy and therefore the second sentence is void, leaving in effect the original sentence. * * *"

The Attorney General, not challenging the law on that question, contends that the judgment of July 19, 1957, had not "been satisfied in whole or in part", and for that reason the Judge of the Criminal Court of Mercer County had jurisdiction to enter the order of July 22, 1957, imposing a greater sentence upon the petitioner than that imposed by the order of July 19, 1957. The facts disclosed by the record before us show that these events occurred in this order on July 19, 1957: In the forenoon of that day, the prisoner was brought from the County Jail of Mercer County to the bar of the Criminal Court of that county, entered a plea of guilty to an indictment charging him with what is generally referred to as armed robbery, and the Judge of that court proceeded to sentence him to confinement in the West Virginia Penitentiary for a term of ten years, which is the minimum sentence provided by law in this State for that offense. Thereupon, the prisoner was remanded to the custody of the Sheriff of Mercer County to "be therein confined until such a time as the warden of the Penitentiary can conveniently send a guard for him, and that he be taken from the jail of this County to the Penitentiary of this State, and that he be therein confined for a period of ten years. * * *" The jailer did take the prisoner to the County Jail of Mercer County in the forenoon of that day where he was kept until approximately one o'clock in the afternoon when, by use of a subterfuge by the petitioner, he and other prisoners overpowered the jailer and escaped.

The statutes relating to the execution of sentences are to be found in Chapter 62, Article 7, of the Code. Of these, only the two provisions hereinafter quoted are deemed applicable to the instant case. Chapter 62, Article 7, Section 7, of the Code, which is titled "Custody of Convicts Prior to Removal to Penitentiary; Removal; Guards.", provides in part that: "Every person sentenced to confinement in the penitentiary shall remain in the custody of the proper officer of the court pronouncing such sentence until he be delivered to a guard sent and duly authorized by the warden of the penitentiary for the removal of such

person to the penitentiary. * * * The warden of the penitentiary shall, so far as consistent with the safe conveyance of prisoners to the penitentiary, cause as many prisoners from the same or several counties to be removed to the penitentiary at the same time, * * *." Code, 62-7-10, as amended, titled "Transmission of Commitment Paper to Warden or Superintendent of Penal Institutions.", provides that: "The clerk of a court in which a person is sentenced to any penal institution in the state of West Virginia shall transmit to the warden or superintendent of said institution a certified commitment paper. Said paper shall be in the following form: * * *." Thereafter appears the form to be signed by the judge and certified as a true copy by the clerk of the court.

It is true as shown by the record in this case that no commitment was ever issued upon the judgment entered July 19, 1957, sentencing the prisoner to a term of ten years in the penitentiary, but that such a commitment was executed and delivered to the Warden of the West Virginia Penitentiary pursuant to the entry of the order of July 22, 1957, sentencing the prisoner to the penitentiary for a period of thirty years. However, the real authority by which the Warden of the State Penitentiary detains the petitioner is the valid final judgment of the Criminal Court of Mercer County. The commitment which is transmitted to him is only evidence of such authority. Other courts have passed upon this question, and those cases are cited in the footnotes of 15 Am. Jur., Criminal Law, §502, which is here quoted in full: "An officer holding a prisoner in custody is entitled to have a proper warrant of commitment in his possession for his protection; but if he acts within the authority and duty imposed on him by the judgment, he will not be held to have acted unlawfully simply because of the failure to have the evidence of his authority in his possession in some particular form, especially when he is the executive officer of the court rendering the judgment. It has been generally held that a defendant imprisoned, in the custody of a proper officer, under a conviction by a court of

general jurisdiction, will not be released on habeas corpus, merely because of a defective commitment in the hands of such officer, when the judgment of conviction authorizes such imprisonment. This view is rested on the theory that when a valid final judgment of imprisonment is rendered against a defendant, that judgment becomes the real authority for such imprisonment, and the commitment, which ordinarily is merely a certified copy of the judgment, is only evidence of such authority. A certified copy of such a judgment is no higher evidence of an officer's authority to act thereunder than the judgment itself. Under the peculiar wording of a statute, the rule may well be otherwise. Accordingly, where it is provided that a commitment to the state prison on a conviction and sentence for a felony shall consist of a certified copy of the judgment as entered in the minutes of the court, it is not merely defective but is wholly unauthorized if it consists only of a history of the proceedings against the defendant, and it is the duty of the court to release a person held in prison on void process of commitment, as far as that process is concerned. However, if there is a valid judgment of imprisonment against the prisoner, of which a certified copy can be obtained, it is the duty of the court, when he is brought before it by habeas corpus, to retain him until a reasonable time allowed for the purpose of producing such copy has elapsed, and if produced, to remand him."

We hold that the judgment of the Criminal Court of Mercer County, entered on July 19, 1957, had been "satisfied in part", inasmuch as the ten year sentence began to run, at least as of the time that the prisoner was returned to the Mercer County Jail to await the coming of a guard from the penitentiary to transport him to the place where he was to serve his sentence. "The rule seems to be thoroughly established that where imprisonment has begun in satisfaction of a sentence, that sentence cannot be increased." *State ex rel. Williams* v. *Riffe, Judge, supra.* Therefore, the Judge of the Criminal Court of Mercer County was without jurisdiction to im-

pose a greater sentence upon the petitioner by his purported judgment order of July 22, 1957. The latter order was void, and the original order of July 19, 1957, remains in effect.

In accordance with the authority heretofore cited, we also find that the respondent, the Warden of the West Virginia Penitentiary, is not illegally detaining the prisoner by virtue of the void commitment issued subsequent to the judgment order of July 22, 1957, and that the Judge of the Criminal Court of Mercer County, and the Clerk thereof, shall have a reasonable time within which to transmit to the respondent a proper commitment pursuant to the valid judgment of July 19, 1957.

Inasmuch as the petitioner has not fully served the sentence imposed upon him by the valid judgment of July 19, 1957, we must deny his prayer for release upon the writ of habeas corpus ad subjiciendum heretofore issued. Therefore, we remand the petitioner to the custody of the respondent, the Warden of the West Virginia Penitentiary, until he has served the valid sentence imposed upon him by the order of July 19, 1957, or until he may be sooner released by the proper official of the Executive branch of the government of this State.

In *Dye* v. *Skeen, Warden, etc.*, 135 W. Va. 90, 62 S. E. 2d. 681, this Court reversed a judgment entered by the trial court in a proceeding in habeas corpus ad subjiciendum by which the prisoner was released from custody while serving a life sentence. This Court found that the Circuit Court of Roane County, which originally sentenced the prisoner to such life sentence under the habitual criminal act, exceeded its jurisdiction in that there had been only one previous valid felony conviction, and, therefore, only an additional five years could be added to the sentence of the prisoner. The Court said: "* * * The residue of the sentence of life imprisonment in excess of ten years and the additional five years, is void. For that reason it can not be enforced and the petitioner, after completely serving the valid portion of his sentence, must be released. At

the time of the institution of this proceeding, he had not fully served that portion of his sentence, and at this time he has not done so. For this reason the writ which he seeks in this proceeding is denied; the judgment entered by the Judge of the Circuit Court of Marshall County, in vacation, on November 14, 1949, discharging the petitioner, is reversed and set aside; and the petitioner is remanded to the custody of the respondent until he has completely served the valid portion of his sentence of confinement in the West Virginia Penitentiary."

*Writ discharged.*

GIVEN, JUDGE, concurring:

I am in full accord with the action of the Court in discharging the writ and in remanding the prisoner to the custody of the warden. I am disturbed only by the method followed in reaching the conclusion making that action necessary, as stated in Point 3, and then only because the method leads inevitably to serious difficulties. The method followed is to hold the validity or invalidity of the order setting aside the sentence indeterminable until some subsequent time, some subsequent action of the court, in the instant case the entry of the order imposing the new sentence. In the instant case, no particular prejudice resulted to the prisoner, because the setting aside of the first sentence and the imposing of the new sentence were near the same time, but it must be kept in mind that a longer period, perhaps months, may intervene between the time of the entry of an order setting aside a sentence and the imposition of a new sentence, and that the bases or purposes for setting aside sentences are varied and numerous.

The validity of an order setting aside a sentence at a term of court at which entered, at least in so far as the present question is concerned, rests squarely and solely on the jurisdiction of the court to enter it. Such jurisdiction either exists or does not exist at the time of the entry of the order. To say that the validity of the order and, necessarily, the jurisdiction, must be determined at some

subsequent time, by some subsequent action, is to have the validity and, necessarily, the question of jurisdiction, in suspense and indeterminable, in suspense and indeterminable for an indefinite time, perhaps months. Such a holding results in uncertainties as to the status and rights of the prisoner, and may, in many circumstances, result in grave injustice to him. During the time the validity of the order setting aside the sentence is held in suspense, is indeterminable, is the imprisonment of the prisoner by virtue of a warrant or indictment, or is he serving a portion of his sentence previously or yet to be imposed? Is he entitled to bond, or is he being imprisoned unlawfully and entitled to be released on habeas corpus? All such uncertainties would be avoided by simply saying that a trial court is empowered to set aside a sentence, at the term at which the sentence was imposed, and that any subsequent order or sentence is invalid only in so far as the court thereby exceeds its jurisdiction. An examination of the authorities cited by the Court, I believe, will support this view, though, admittedly, some language is found in opinions supporting the view stated by the Court.