### N. B. PARKER VS. THE STATE.

1. CRIMINAL PRACTICE: *Sentence*: *Power of Court.*

   Where a court imposes fine and imprisonment, when the statute confers power to punish only by fine or imprisonment, and the fine is paid, it cannot, even during the term, modify the judgment by imposing imprisonment instead of the former sentence.

2. SAME: *Case in judgment.*

   P. was convicted and sentenced to pay a fine; a motion for a new trial was made and taken under advisement. At a subsequent term the former judgment was vacated and a different and larger sentence imposed: *Held*, that the power of the court at the term subsequent to the trial was limited to the granting or refusing of a new trial, and that it was error to then pronounce another and a different sentence.

ERROR to the Circuit Court of *Issaquena* County.

Hon. C. C. SHACKLEFORD, Judge.

Plaintiff in error was indicted for failing to account for certain fines collected by him as justice of the peace. The case was submitted to the court and a jury waived, on the plea of "not guilty." He was adjudged "guilty," and sentenced to pay a fine of $120. A motion for a new trial was made and taken under advisement, until the next term of the court. At the next term, the motion was overruled, and the court then sentenced him to pay a fine of $130, or in default of payment, to be confined in the county jail for six months, and to be removed from office.

From this last judgment of the court, plaintiff in error prosecutes a writ of error.

*T. M. Miller*, for plaintiff in error:

Nothing can be clearer than that after adjournment, a court loses power over its judgments, unless they are void. . Lane & Standley *v.* Wheeless, 46 Miss., 666 ; Sagory *v.* Bayless, 13 S. & M., 153 ; Easterling *v.* The State, 6 Geo., 210; Woodside's Case, 2 How., 655 ; Ex parte Lange, 18 Wall., 163. The enlarged sentence in this case can only be regarded in the light of a penalty inflicted upon the defendant for his temerity in seeking a new trial.

*G. E. Harris*, Attorney General, for the state :

If there is error in this case, it can be only in the last fine imposed by the court below, and I ask that the case shall not be remanded, but that this court render such judgment as the court below should have rendered, to wit : Affirm the judgment of the court below, except the last sentence and fine. As the last sentence was different, and an increase in the fine, it may be error to that extent.

TARBELL, J., delivered the opinion of the court.

The plaintiff in error was a justice of the peace in the county of Issaquena. Failing to pay over fines received by him, he was indicted, tried and convicted,. and sentenced to pay a fine of $120 and costs. This was in the May term of the circuit court of Issaquena county, 1874. A motion for a new trial was taken, under advisement, to the next term of the court. At the October term,

the motion for a new trial was overruled, and the court then pro-
ceeded to pronounce another judgment, or sentence, to wit: That
the accused be fined $130, or in default of payment, to be con-
fined in the county jail six months; that he be removed from
office, and that he pay the costs of the prosecution, and stand
committed until the same be paid.   From this latter judgment
and sentence the accused prosecuted a writ of error, complaining
only of the action of the court in enlarging the sentence at a
term subsequent to that at which he was tried.

It will be seen that the record in this case presents a ques-
tion which, though mooted from time to time, has been generally
considered as settled, from the earliest periods of criminal juris-
prudence.   Coke states the rule at common law to be that the
record of any judicial act done remaineth during the term in the
breast of the judges of the court, and in their remembrance;
hence, as he says, the roll is alterable during that term, as the
judges shall direct; but when that term is passed, then the record,
as he states the rule, is in the roll, and admitteth of no altera-
tion, averment or proof to the contrary.

The language of some of the text writers as to this rule or
practice is somewhat obscure, in this, that they say judgments in
criminal cases may be vacated before they become matter of
record, but that no court can make any alteration in the same
when once the judgment is solemnly entered on the record, ex-
cept that it may be revised by writ of error.   Literally construed,
this language defines the practice more strikingly than Coke; but
this has been explained in Com. v. Weymouth, 2 Allen, 144.
Minutes of the proceedings in a criminal trial, say the court, are
made on the docket by the clerk as they take place, but the
record, except in capital cases, is not made until the end of the
term or session of the court, when the whole proceedings are
spread upon the record, in a book or books kept for that pur-
pose, which is, in some of the courts at least, the proper substi-
tute for what is called the roll, in the practice of the parent
country.   Such a record is never made up in ordinary criminal

trials, during the term, but the legal evidence of the proceedings not in the minutes of the clerk, which if need be may be verified by his oath.    Hence it is that even the strictest authorities admit that erroneous sentences may be corrected during the term in which they are imposed, as that would always be done in the parent country, although a writ of error would lie to correct the error if it was apparent on the face of the record.

This subject has recently undergone very earnest and searching discussions in the supreme court of the United States and in the court of appeals of the state of New York.    Edward Lange was convicted of a crime whereof the penalty was a fine or imprisonment, but the court sentenced him both to fine and imprisonment. This was in the circuit court of the United States for the southern district of New York.    Lange paid his fine at once, and during the term of his conviction, the judge who tried the case vacated the judgment by him pronounced, subsequent to the payment of the fine but during the term of his trial, and then resentenced the accused to imprisonment.    From his imprisonment under the latter sentence, Lange was discharged on *habeas corpus* by the supreme court of the United States, where it was held substantially that the general principle is, as applicable to both civil and criminal cases, that the judgments, orders and decrees of the courts of this country are under their control during the term at which they are made, so that they may be set aside or modified as law and justice require, but that this power cannot be so used as to violate the guaranties of personal rights found in the common law, and in the constitutions of the states and of the union.    If, say the court, there is anything settled in the jurisprudence of England and America, it is that no man shall be twice punished by judicial judgment for the same offense.    The provisions of the common law and of the federal constitution, that no man shall be twice placed in jeopardy of life or limb, are mainly designed to prevent a second punishment for the same crime or misdemeanor. Hence, when a court has imposed fine and imprisonment where the statute only conferred power to punish by fine or imprison-

ment, and the fine has been paid, it cannot, even during the same term, modify the judgment by imposing imprisonment instead of the former sentence. The judgment of the court having been executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court as to that offense was declared to be at an end, and that a second judgment on the same verdict is, under such circumstances, void for want of power, and affords no authority to hold the party a prisoner.

Two of the judges concurring in the general rule that courts have power over the judgments, decrees and orders during the term at which they are rendered, and that such power ceases with the term, dissented from the conclusion that during the term such control could be defeated by the execution of the judgment, or, in other words, by the person convicted having suffered the judgment of the law. That the power of the courts over their orders, judgments and decrees ceases with the term, the case of Lange, and the authorities therein cited, leave no doubt.

The same party, Lange, brought suit in the state courts of New York against the judge who tried his case and resentenced him, for the recovery of damages for his imprisonment under the second sentence. There was a demurrer to the declaration, on which the case went to the court of appeals; which court held, that although the act complained of was a judicial act, it was an act done without authority, and that the defendant was liable. For the action of the New York state courts, we are indebted to a note in the American Law Review for July, 1875, the full report of the case in those courts not having yet been received.

The views of the United States supreme court are found in 18 Wall., 163. When the sentence imposed is legal in all respects, it is held in Maine, that the judge, after the prisoner has been remanded in execution of the sentence, cannot order him to be brought up and set at the bar for the purpose of revising the sentence, and increasing the punishment. In that case the prisoner had been duly sentenced to six months imprisonment in the county jail, and he had served out nineteen days of the time when

the court ordered that he should again be brought up, and the court imposed a new sentence of imprisonment for the term of three years in the state prison; but it is apparent that the first sentence, being regular and according to law, there was no error to correct, and this is understood to have been the basis of the rule in that case. It will be observed that this class of adjudications are restrictive of the rule, that orders, judgments, and decrees are subject to the control of the court during the term. These cases are based on the remark of Blackstone in his Commentaries, vol. 2, 315, Sharswood's edition, citing the maxim, No one can be twice punished for the same offense, "*Nemo debet bis puniri pro uno delicto.*" That if a person has been found guilty of manslaughter on an indictment, and has had the benefit of clergy, and suffered the judgment of the law, he cannot afterwards be appealed. Of course, if there had been no punishment the appeal would lie, and the party would be subject to the danger of another form of trial. But by reason of this principle, that no person shall be twice punished for the same offense, that ancient right of appeal was given where the punishment had once been suffered. In the judgment of the United States supreme court, the action against the action of the same court in inflicting punishment twice must be necessary, and as clearly within the maxim just quoted, as protection from the chances or danger of a second punishment on a second trial. Hence to every indictment or information charging a party with a known and defined crime or misdemeanor, whether at the common law or by statute, a plea of *autrefois acquit* or *autrefois convict* is a good defense. With reference to these pleas, the court of appeals of Kentucky in Com. *v.* Olds, 5 Litt., 137, make these very pertinent remarks: "That every person acquainted with the history of governments must know that state trials have been employed as a formidable engine in the hands of a dominant administration. * * To prevent this mischief, the ancient common law, as well as Magna Charta itself, provided that one acquittal or conviction shall satisfy the law, or in other words, the accused should always have the right secured to him, of avail-

ing himself of the pleas of *autrefois acquit* and *autrefois convict*. To perpetuate this wise rule, so favorable and necessary to the liberty of the citizen in a government like ours, so frequently subject to change in popular feeling and sentiment, was the design of introducing into our constitution the clause in question." In this connection, the record before us may be again referred to, viz: There was a verdict and sentence thereon. There followed a motion for a new trial, embracing, of course, the setting aside of the judgment and verdict. The only action had was an order of the court taking the motion under advisement until the then next term of the court, when the motion was overruled, and a second judgment entered, different and larger than the first. A single case in this state has an important bearing upon the present discussion. Easterling *v.* The State, 35 Miss., 210. If there is any other, it has escaped obversation. Easterling was indicted, tried, and convicted of a misdemeanor; no sentence or judgment was pronounced upon him at the trial term. But at the term succeeding the trial, he was arraigned, and the penalty of the law adjudged. This was affirmed an error upon the ground that, until judgment, the defendant was not discharged from the custody of the law, and the jurisdiction of the court was not at an end. It was, therefore, say the court, competent, at the next term, to render judgment upon the verdict for the penalty prescribed by law. To the same effect is the case of State *v.* Guild, 5 Hals., 163. It is within the reason of the authorities and rules in these cases, that had the court, on the motion for a new trial, have vacated the judgment and taken that under advisement, with the motion to set aside the verdict, the judgment at the term following the trial would have been regular. In criminal courts, the practice of suspending judgment upon verdict is quite common, and this is universally accepted as correct practice. It is certainly not objected to. Indeed, it is in accordance with the rules of practice stated by text writers. And if correctly understood, the motion to stay or suspend judgment on a verdict may come from either side. Ch. on Crim. Law, 660; 1 Archb. Crim. Pr., 180 and note; Ram. on Judgts., 383, sec. 8.

The result is, that the power of the court in the case at bar, at the term subsequent to the trial, was limited to the granting or overruling the motion for a new trial. The additional judgment was without authority and void, although the rule under consideration is not doubted in this state yet.

Thus much has been said upon the subject in the interest of the due and orderly administration of criminal law. The second judgment or sentence, to which this writ of error was prosecuted, is reversed.