(54 Misc. Rep. 489.)

## PEOPLE v. SULLIVAN.

(Court of General Sessions, New York County.    May, 1907.)

CRIMINAL LAW—CONVICTION—CORRECTION OF SENTENCE.

The court, after conviction, is without power to revoke a sentence lawfully imposed and partly executed for the purpose of imposing a heavier sentence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2549.]

Daniel Sullivan was convicted of crime and the people move to set aside the judgment.    Motion denied.

William Travers Jerome, Dist. Atty., for the motion.
Carl Fischer-Hansen, opposed.

CRAIN, J.    This is a motion that a judgment rendered against Daniel Sullivan by this court on the 19th day of April, 1907, by which judgment the said Daniel Sullivan was sentenced to imprisonment in the penitentiary of the county of New York for a term of two months, be vacated and set aside, and that a judgment and sentence be imposed upon the said Daniel Sullivan of a different character and for a longer term, in the light of the record of said Daniel Sullivan, as disclosed in the affidavits upon which the motion was made.

A preliminary objection to the consideration of this motion on the merits is taken in behalf of the defendant, based on the contention that this court, after the pronouncement of sentence of imprisonment, is without power to revoke the sentence for the purpose of imposing a heavier one, where the sentence is itself lawful and has been, in part, executed by the commencement thereunder of the imprisonment of the defendant.    I am  referred to a number of cases in other states in

which the question involved in this contention in discussed, and in some of which such power in the court is denied. I am referred to no case directly in point in this state; and, in the short time which has been at my disposal, I have been unable to find any. The objection to the exercise of such power by the court is that, could it be exercised, a defendant, in violation of his constitutional rights, might be punished twice for the same offense; first by undergoing imprisonment under the first sentence, and, then, by undergoing imprisonment under the second. This is the view taken by the Supreme Court of the United States in the case of Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872. In the case of Grisham v. State, 19 Tex. App. 504, the court says on this point, at page 515:

"But in criminal cases the power of courts over their judgments during the term at which they are rendered does not extend to cases where punishment has already been inflicted in whole or in part. Ex parte Lange, 18 Wall. (U. S.) 163, 21 L. Ed. 872. 'A conviction followed by an endurance of punishment will bar further prosecution for the same offense.' Wharton Crim. Prac. & Pl. (8th Ed.) § 460, citing Comm. v. Loud, 3 Metc. (Mass.) 328, 37 Am. Dec. 139; Comm. v. Keith, 8 Metc. (Mass.) 531; Fritz v. State, 40 Ind. 18. In the judgment of conviction rendered in the county court, and which was read as evidence by the defendant in support of his plea of former conviction, it is recited and ordered 'that he be remanded to the custody of the sheriff of Hunt county till such fine and costs are fully paid.' It was, as stated a day or two after the rendition of this judgment, that the court of its own motion set it aside. It is but fair and reasonable to presume that in the interim between its rendition and attempted annulment and vacation the defendant had, according to its terms, either paid the fine and costs imposed, or been held in custody by the sheriff in default of such payment. If so, in either event, he had suffered some punishment under said judgment, and it was then beyond the power of the court either to set it aside, vacate, annul, or change it in any substantial respect, unless at the instance or on motion of the defendant."

See, to the same effect, Brown v. Rice, 57 Me. 55, 2 Am. Rep. 11; where the question is discussed at considerable length by Judge Kent; also, State v. Davis, 31 La. Ann. 249; People v. Meservey, 76 Mich. 223, 42 N. W. 1133, and People v. Kelley, 79 Mich. 320, 44 N. W. 615.

On these and other cases, I am inclined to the view that this preliminary objection is well taken and sustained by authority. This view constrains me to deny the present motion.

Motion denied.