### STATE OF NEW JERSEY v. WILLIAM WHITE.

Decided October 7, 1925.

**Crimes—Criminal Abuse of Woman-child—Sentence Changed and Term Increased Before Service Had Begun—Sustained—Sentence For Longer Term Than Fifteen Years Not Contrary to Statute.**

On error to the Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Stein & Stein.*

For the state, *Jacob Willard DeYoe,* prosecutor of the pleas.

Supreme Court—State v. White.

PER CURIAM.

The defendant in this case, a man twenty-five years of age, was indicted for criminal abuse of a girl under the age of twelve years. He pleaded *nonvult* to the indictment. The court, thereupon, sentenced him to be confined in the state prison at hard labor for a maximum term of seven years and a minimum term of four years. On the same day the court, of its own motion, vacated this sentence, and ordered the defendant to be confined in the state's prison at hard labor for the maximum term of thirty years and the minimum term of twenty years.

The first ground upon which we are asked to reverse this conviction is that the sentence finally pronounced is in excess of the term permitted by the statute, counsel for the defendant asserting that the maximum penalty for the crime charged in the indictment is fixed by the statute at fifteen years. An examination of the statute itself shows that this contention is without basis of fact. Section 115 of our Crimes act (*Comp. Stat., p.* 1783) provides that any person who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor and punished by a fine not exceeding $5,000 or imprisonment at hard labor not exceeding thirty years, or both. In the present case the averment of the indictment was that the child, who had been carnally abused by the defendant, was under the age of twelve years, and the defendant by his plea admitted this fact.

The only other ground of reversal urged before us is that the trial court was without power to change the sentence after it had once been pronounced. We consider this contention unsound. After sentence has been pronounced, and the defendant has begun the service of that sentence, the court is powerless thereafter to change it by increasing the term of imprisonment; but the court may alter the sentence in its discretion and on its own motion at any time during the term and before the defendant has begun serving the sen-

tence originally pronounced. This is the common law rule and is embodied in section 55 of our Criminal Procedure act. *Comp. Stat., pl.* 838.

The conviction under review will be affirmed.