WILLIAM TURNER v. THE STATE.

No. 13766. Delivered October 15, 1930.
Reported in 31 S. W. (2d) 809.

The opinion states the case.

*Joe W. Taylor* and *Jno. N. Gauntt,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment, confinement in the penitentiary for four years.

Appellant was convicted during the March term of the district court of McLennan County in twenty-five cases in which he was charged with theft and burglary. On March 5, 1930, appellant appeared in court in the custody of the sheriff, waived the time accorded for filing motions for new trial, and requested that sentence be pronounced. On the last mentioned date he was duly sentenced in each of the twenty-five cases, the first case in which sentence was pronounced being numbered 8506 on the docket of the trial court. The court directed that the sentence in the instant case "run concurrently with the judgment and sentence in cause No. 8506, the State of Texas vs. William Turner." It was further provided in the sentence that appellant "be delivered by the sheriff of

McLennan County, Texas, immediately to the superintendent of the penitentiaries of the State of Texas." Appellant gave no notice of appeal, and accepted his sentence. After pronouncement of sentence, appellant was placed in jail, where he remained for several days. Thereafter, during the same term at which he was convicted, appellant was on the 24th of March, 1930, brought into open court by the sheriff for the purpose of enabling the court to set aside the first sentence and pronounce a second sentence with a provision making it cumulative of the sentence pronounced in cause No. 8506. We quote the order setting the sentence aside as follows:

"On this 24th day of March, 1930, it appearing to the court that this defendant had theretofore, at this term of court, been sentenced in this cause, and that there were twenty-five cases against him in this court and that the defendant was given four years in each case by a verdict of the jury, and the said jury recommended to the court that all of the sentences in said cases run concurrently, which recommendation was adhered to by the court; that thereafter, the said defendant did participate in a jail delivery in this county. Wherefore, the court is of the opinion that said sentence should be set aside. It is therefore ordered by the court that the sentence heretofore entered against the defendant on the 5th day of March, 1930, be set aside and held for naught. * * *"

Following the foregoing order is the sentence pronounced on March 24, 1930, condemning appellant to confinement in the penitentiary for not less than two nor more than four years and stipulating that the judgment and sentence shall begin "at the expiration of the judgment and sentence in cause No. 8506, the State of Texas vs. William Turner." Under the sentence in cause No. 8506, appellant was condemned to confinement in the penitentiary for not less than two nor more than four years. After the second sentence had been pronounced appellant timely and properly gave notice of appeal to this court.

Touching the power of the court to change its sentences, we quote from Bishop's New Criminal Procedure, Second Edition, vol. 2, sec. 1298, as follows:

"The power of the court to alter its docket entries and records during the term wherein they are made, includes the right within such time to revise, correct and change its sentences, however formally pronounced, if nothing has been done under them. But steps taken under a sentence—for example, a substantial part execu-

tion thereof—will cut off the right to alter it, even during the term."

In Ex parte Lange, 18 Wal. 163, the Supreme Court of the United States, in holding that the trial court was without power at the term at which conviction was had to set aside a sentence under which punishment had been endured, said:

"We are of opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone. That the principle we have discussed then interposed its shield, and forbid that he should be punished again for that offence. The record of the court's proceedings, at the moment the second sentence was rendered, showed that in that very case, and for that very offence, the prisoner had fully performed, completed and endured one of the alternative punishments which the law prescribed for that offence, and had suffered five days imprisonment on account of the other. It thus showed the court that its power to punish for that offence was at an end. Unless the whole doctrine of our system of jurisprudence, both of the Constitution and the common law, for the protection of personal rights in that regard, are a nullity, the authority of the court to punish the prisoner was gone. The power was exhausted; its further exercise was prohibited. It was error, but it was error because the power to render any further judgment did not exist."

The doctrine prevailing in other states is to the effect that a court has power to revise, correct, or vacate a sentence imposed during the term of court at which the conviction was had, and before the original sentence has gone into operation, or any action is had under it. In re Sullivan, 84 Pac. 781; State vs. Cannon, 2 Pac. 191; People vs. Kelley, et al., 44 N. W. 615; Emerson, et al. vs. Boyles, 44 A. L. R. (Annotated) 1193. Touching such power, after the sentence has gone into operation, the general rule is set forth in the notes in 44 A. L. R. (Annotated), at page 1203, as follows:

"It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force."

In support of the rule many cases are cited, among them being Ex parte Lange, supra; State ex rel. Curtis vs. Heflin, 19 Ala. Apps.

222, 96 So. 459; Williams vs. State, 125 Ark. 287, 188 S. W. 826; Re Sullivan, 3 Calif. App. 193, 84 Pac. 781; Bradford vs. People, 22 Colo. 157, 43 Pac. 1013; Tanner vs. Wiggins, 54 Fla. 203, 45 So. 459; Gordon vs. Johnson, 126 Ga. 584, 55 S. E. 489; People ex rel. Manyx vs. Whitson, 74 Ill. 20; Elsner vs. Shrigley, 80 Iowa 30, 45 N. W. 393; Re Beck, 63 Kansas 57, 64 Pac. 971; State vs. Woods, 154 La. 631, 98 So. 47; Brown vs. Rice, 57 Maine 55; Com. vs. Foster, 122 Mass. 317; Re Mason, 8 Mich. 70; Parker vs. State, 51 Miss. 535; Ex parte Cornwall, 223 Mo. 259, 122 S. W. 666; Re Jones, 35 Neb. 499, 53 N. W. 468; State vs. White, (N. J.) 130 Atl. 470; People vs. Sullivan, 106 N. Y. Supp. 143; State vs. Warren, 92 N. C. 825; Re Habeas Corpus (1896) 5 Ohio, S. and C. P. Dec. 571, 7 Ohio N. P. 604; State vs. Cannon, 11 Or. 312, 2 Pac. 191; Com. vs. Mayloy (1868), 57 Pa. 291; Grisham vs. State, 19 Tex. Apps. 504; Pifer vs. Com. (Va.) 14 Gratt. 710.

In Grisham vs. State, supra, this court, in making application of the rule said:

"It is but fair and reasonable to presume that, in the interim between its rendition and attempted annulment and vacation, defendant had, according to its terms, either paid the fine and costs imposed, or been held in custody by the sheriff in default of such payment. If so, in either event he had suffered some punishment under said judgment, and it was then beyond the power of the court either to set it aside, vacate, annul or change it in any substantial respect, unless at the instance or on motion of defendant."

As manifested by the record, appellant had been placed in the custody of the sheriff under the terms of the first sentence pronounced upon him, and had suffered some punishment thereunder. If the second sentence should be permitted to stand appellant would, in addition to the punishment he had already suffered under the first sentence, be incarcerated in the penitentiary for not less than two nor more than four years after the expiration of the sentence in cause No. 8506. The effect of the action of the court would be to punish appellant twice for the same offense. Under our Constitution "no person, for the same offense, shall be twice put in jeopardy of life or liberty." Constitution of Texas, Art. 1, sec. 14.

Giving application to the principles controlling, we are constrained to hold that it was beyond the power of the court to set aside the original sentence. Such being the case, the last sentence was illegally imposed, and can not be enforced, but the first was legal and

should be executed. Hence the last sentence is set aside and held for naught, and the original judgment affirmed.

*Original judgment affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.