## EX PARTE W. L. MATTOX.

No. 20430.  Delivered May 3, 1939.
Rehearing Denied June 21, 1939.

The opinion states the case.

*M. E. Gates,* and *Gordon M. Burns,* both of Huntsville, for relator.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

The application together with certified copies of records attached present the following facts:

On June 14, 1937, an indictment was returned into the district court of Orange County, Texas, charging relator in the first count with robbery by "using and exhibiting a firearm, to-wit: a pistol." The second and third counts charged ordinary robbery by assault and violence and putting the injured party in fear of life and bodily injury.

On June 18th there was filed in said district court the following instrument in writing:

"The State of Texas vs. W. L. Mattox. No. 4155, In First
    Judicial District Court of Orange County, Texas, May
        Term, 1937.

"Comes now the State, in the above entitled and numbered cause, and elects to try the defendant herein upon the second and third counts in the indictment in this cause, said counts charging defendant with offenses of felony less than capital.

"I Hollis Kinard, District Attorney in and for the First Judicial District of Texas, the duly elected and acting attorney representing the State in said Cause, hereby consent and approve of the waiver of trial by jury in said cause, which said consent and approval has been made herein before the defendant has entered his plea of guilty herein.

                        "Hollis Kinard, District Attorney.

"I, W. L. Mattox, the defendant in the above entitled and numbered cause, the same being a criminal prosecution for an offense classified as a felony less than a capital offense, having entered a plea of guilty in said cause, hereby in open court and in person waive a trial by jury.

                        "W. D. Mattox, Defendant.

"Upon the election by the State to try the defendant herein upon the second and third counts in the indictment, said counts charging the defendant with offenses of felony less than capital, the court hereby consents and approves of the plea of guilty of the defendant herein as to said second and third counts of said indictment.

"With the consent and approval of the Court:
                        "F. P. Adams, Judge Presiding."

There appears in the minutes of the court a judgment entered on the same day—June 18th—which recites that relator entered a plea of guilty "to the charge in the indictment." Then appears a recital of the proper admonition to relator regarding his plea of guilty, followed by these recitals: "* * * There-

upon the defendant requested the consent and approval of the Court to waive the right of a trial by a jury, and whereas such consent and approval, of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed. Therefore the Court now gives its consent and approval for the said defendant to waive the right of a trial by jury.

"Whereupon the defendant proceeded to trial before the court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom that the defendant, W. L. Mattox, is guilty of the offense charged against him.

"It is therefore, considered and adjudged by the Court that the defendant, W. L. Mattox, is guilty of the offense of (Robbery by use of firearms) robbery, as confessed by him in his said plea of guilty herein made, and that he be punished by Confinement in the penitentiary for a term of fifteen (15) years, and that the State of Texas do have and recover of the said defendant W. L. Mattox, all costs in this prosecution expended, for which execution will issue."

On June 25th sentence was pronounced against relator which appeared in the minutes as follows: (omitting the formal preliminary recitals) "* * * It is the order of the Court that the Defendant, W. L. Mattox, who has been adjudged to be guilty of (Robbery by use of firearms) Robbery, whose punishment has been assessed by the judgment of the Court at confinement in the State Penitentiary for Fifteen (15) years, be delivered by the Sheriff of Orange County, Texas, immediately to the Superintendent of the Penitentiaries of the State of Texas, or other persons legally authorized to receive such convicts, and said W. L. Mattox shall be confined in said Penitentiary for not less than five nor more than fifteen years, in accordance with the provisions of the law governing the Penitentiaries of said State.

"And the said W. L. Mattox is remanded to jail until said Sheriff can obey the directions of this sentence and defendant is allowed credit for such time as he has been confined in jail. Twenty days."

Relator was confined in the penitentiary under the foregoing orders and proceedings. On January 27, 1939, an application for writ of habeas corpus was presented by relator to the Hon. Max M. Rogers, District Judge, 12th Judicial Dis-

trict, averring that relator was held by the penitentiary authorities under a void judgment and sentence of the District Court of Orange County. The writ was granted and hearing set for February 4, 1939. Upon said hearing Judge Rogers entered the following order:

"The foregoing cause coming on for trial, and all parties being present, the State being represented by its District Attorney and the defendant and his counsel being present, the Court after hearing the pleadings and the evidence, is of the opinion that said W. L. Mattox is illegally restrained of his liberty by the Respondent, O. J. S. Ellingson and W. W. Waid, same being General Manager and Warden, respectively, of the State Penitentiary of the State of Texas, and that he should be released from their custody, because the judgment and sentence and commitment by virtue of which he is held is fundamentally erroneous.

"The court is of the further opinion, however, that the judgment and sentence are such that they may be corrected in a proper proceeding, by the proper officials of Orange County, Texas, should they desire to do so.

"It is the Order, Judgment and decree of the Court that the said W. L. Mattox be released from the custody of the Respondents, Ellingson and Waid aforesaid, under and by virtue of aforesaid judgment, sentence and commitment.

"It is further ordered, adjudged and decreed by the Court that the said respondents, Ellingson and Waid, retain the custody of the said W. L. Mattox for a reasonable time; that the Sheriff and other proper authorities of Orange County, Texas, may demand the custody of said Mattox, if they so desire, and upon a proper demand being made therefor the said Ellingson and Waid are directed to release the said W. L. Mattox by delivering him to the said proper authorities of Orange County, Texas.

"It is further ordered, adjudged and decreed by the Court that a certified copy of this judgment shall be the sufficient authority for the said Respondents, Ellingson and Waid, to release the said W. L. Mattox in manner and form as provided therein."

On February 6th, the District Judge of Orange County made an order reciting that relator had been released by the prison officials "without cause" and remanded him to the custody of the sheriff of Orange County. A capias was issued for relator by the clerk of the district court of said county, and he was taken into custody by the said sheriff. On February

7th, 1939, a motion was filed in said district court at a regular term thereof by the district attorney alleging that on June 18, 1937, a judgment was rendered in said court against relator upon his plea of guilty to the second and third counts of the indictment, there being incorporated in the judgment a recital that "the first count having been duly dismissed" upon motion by the State, and including recitals of waiver of a jury by relator and consent thereto by the district attorney and the presiding judge, and a further recital that in said judgment rendered the court found relator guilty of robbery as charged in the third count of the indictment, and assessed his punishment at fifteen years in the penitentiary. It was further alleged in said motion that there had been a failure to enter the judgment rendered during the term and praying the court that said judgment be "now entered" upon the minutes. Upon proper notice to relator the District Court of Orange County on February 25th, 1939, entered an order sustaining the State's motion to enter a judgment nunc pro tunc, finding that the averments in the State's motion were true, and reciting as follows: "It is therefore considered, ordered and adjudged by the Court that the following sentence which was rendered on the 25th day of June, A. D. 1937, and judgment which was rendered on the 18th day of June, A. D. 1937, but which sentence and judgment was incorrectly entered upon the minutes of this Court, be now entered upon the minutes of this court, as of said last named dates, to-wit: the sentence on the the 25th day of June A. D. 1937, and the Judgment on the 18th day of June, A. D. 1937."

After the foregoing there follows a nunc pro tunc judgment reciting all the necessary admonitions and waivers giving the court authority to receive a plea of guilty to a felony less than capital, and adjudging relator to be guilty of "robbery" and fixing the punishment at fifteen years in the penitentiary, and then follows a nunc pro tunc sentence reciting that relator had been adjudged guilty of "robbery" and the punishment fixed at fifteen years in the penitentiary, and directing that he be confined in the penitentiary for not less than five nor more than fifteen years.

It is shown in the application that relator had served in the penitentiary one year, eight months and two days at the time he was released from the penitentiary under the order of Judge Rogers.

It is shown in the application for writ of habeas corpus addressed to this court that the sheriff of Orange County is

holding relator in custody under the aforesaid nunc pro tunc judgment and sentence.

Art. 1408 P. C. fixes the punishment for robbery by assault, or violence, or by putting in fear of life or bodily injury at confinement in the penitentiary for life or for any term of years not less than five years; if a firearm or other deadly weapon is used the punishment is fixed at death, or any term of years not less than five. By Art. 10a C. C. P., enacted by the 42d Legislature, page 65, Ch. 43, a defendant in a felony case less than capital may under certain formalities waive a jury and plead guilty before the court. When relator entered his plea of guilty if the court in fact rendered a judgment finding him guilty of robbery by the use of firearms it was an unauthorized judgment, said offense being punishable in the alternative by death, and therefore a capital offense; (Art. 47 P. C.) the trial judge being prohibited by said Art. 10a from receiving a plea of guilty in capital cases. It would be otherwise if the judgment rendered found relator guilty of ordinary robbery, a felony less than capital.

It was contended in oral argument upon a hearing as to whether this court should grant the writ of habeas corpus that the order of Judge Rogers must be construed as an unconditional discharge of relator. We think it clear from his order that he believed relator was illegally held by the penitentiary authorities under the judgment and sentence as originally entered upon the minutes of the District Court of Orange County, and should be released under said judgment and sentence. It is further apparent from his order that Judge Rogers had information which led him to believe that such judgment and sentence were subject to correction, hence he decreed that relator be released from the penitentiary under the judgment and sentence, but also directed the penitentiary authorities to deliver relator to the proper authorities of Orange County upon proper demand. If the judgment and sentence under which relator was being held were subject to correction as not reflecting the true facts Judge Rogers had no authority to correct them but only the court of Orange County. We see no impropriety in the order. Upon the point under consideration the question turns upon the authority of the District Court of Orange County to enter the judgment and sentence nun pro tunc under which relator is now being held, rather than upon the manner in which said court got and held jurisdiction of the person of relator at the time the nunc pro tunc orders were entered.

As to the power of the District Court of Orange County in the premises we entertain no doubt. The holding of this court in Bennett v. State, 80 Tex. Cr. R. 652, 194 S. W. 145 seems decisive on the point at issue. We quote from the opinion as follows: "According to the entry in the court's minutes of December 30, 1916, the judgment *rendered* on the 22nd of April, 1916, was not entered of record. It is true that at that time the deputy clerk wrote upon the minutes what purported to be the judgment of the court, but the court, on December 30, 1916, judicially determined that the judgment so *entered did not speak the truth*, and to the end that the proper judgment might be *entered* of record, he directed the entry of the true judgment of the court at that time. It was the court's duty to *enter* in the *minutes* of the court a *true* record of the judgment *rendered*. (2 Vernon's Crim. Stat. art. 853.) Failing to make such record at that time, article 2015, Vernon's Civil Statutes, gave the court authority to amend the record according to the truth. This authority existed by the inherent power to so correct its minutes at a subsequent term. Burnet v. State, 14 Texas, 455; Rhodes v. State, 29 Texas, 188; Ximenes v. Ximenes, 43 Texas, 458; Coleman v. Zapp, 105 Texas, 491; Michie's Civil Digest, vol. 11, p. 106; and cases cited in Cyc., vol. 11, p. 764; authorities cited in note, 4 Am. St. Rep., 820; Jester v. Graves, 159 Kentucky, 244, 38 Am. & Eng. Ann. Cas., p. 678, and note, p. 681, citing numerous cases from various jurisdictions."

Upon the hearing of the State's motion for judgment nunc pro tunc the District Court found that the judgment entered in the court minutes on June 18, 1937, and the sentence as recorded on June 25, 1937, did not reflect the true judgment entered nor the sentence pronounced, and directed the entry on the minutes of the nunc pro tunc judgment and sentence as reflecting the true facts, and is in accord with the waivers and agreements appearing in the record signed by the relator, the district attorney and the trial judge.

Relator takes the position that by entering the nunc pro tunc judgment and sentence a new and different sentence has been imposed upon him thereby increasing his punishment, and would result in twice putting him in jeopardy.

He relies on Powell v. State, 124 Tex. Cr. R. 513, 63 S. W. (2d) 712; Turner v. State, 116 Tex. Cr. R. 154, 31 S. W. (2d) 809, and Grisham v. State, 19 Tex. Cr. R. 504. In Powell's case a non-cumulative sentence was actually pronounced against him and the minutes of the court reflected the true facts in that respect. After he had served several months

under said sentence the trial court undertook to change the sentence and make it cumulative of another against him. It was properly held that this could not be done. If the sentence originally pronounced had in fact been cumulative, but had been incorrectly entered on the minutes a very different question would have been presented.

In Turner's case sentences had been pronounced against him in several cases and said sentences had actually been made to run concurrently. He accepted the sentences, did not appeal therefrom, and was remanded under said sentences and his time began to run on his punishment. Later during the same term of court the trial judge undertook to change the sentences actually pronounced and to make them cumulative, not because of inaccuracies therein in the first instance, but because Turner had participated in a jail delivery after accepting sentences first pronounced. It was held that the sentences could not be changed under the circumstances stated. Grisham's case does not present facts which make it authority against the court's action here in entering the judgment and sentence nunc pro tunc. No increased punishment was attempted to be assessed against relator and unquestionably he would be entitled to credit on the judgment and sentence under which he is now held by the sheriff of Orange County for the time served in the penitentiary before released therefrom under the order of Judge Rogers.

From what has been said it follows that we are of opinion relator is not illegally restrained under the nunc pro tunc judgment and sentence, and application for issuance of the writ of habeas corpus should be denied.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Relator insists that we were in error in our oginial holding herein, and cites us to the case of Ex parte Lang, a United States Supreme Court decision found in 21 Law Ed., 872, and to some kindred cases with a like holding.

The case of Ex parte Lang, supra, can be easily distinguished from the instant case. In that case the relator had been theretofore sentenced by the trial court to pay a fine of $200.00, and suffer a confinement in the jail for one year. The statute under which the conviction was had, however, provided for either a fine up to $200.00 *or* by imprisonment in jail for a year, but not for both such punishments. Lang paid the $200.00

fine and same was placed in the U. S. Treasury. After he had served five days on the imprisonment it was discovered that the law did not authorize such double punishment of both a fine and imprisonment, and the trial judge then attempted to correct his judgment so that Lang should be punished by confinement in jail for one year. The Supreme Court held, in effect, that Lang, having paid the $200.00 fine, had already suffered one of the penalties provided by law, and that the second judgment and sentence of the court placed him in jeopardy twice for the same offense, and he was discharged from custody. It will be noted that this Lang case is based upon a mistake of the court in affixing a double punishment, which of course could not be done.

In the case at bar, there was no mistake made by the trial court. The court had the right to sentence this relator to a term of fifteen years in prison; it did thus sentence him, and under the record it was the duty of the clerk to properly record such a sentence in the minutes of the court. The clerk, however, merely made a mistake in the record of such judgment and sentence by failing to strike out the phrase in the parentheses (robbery by use of firearms), but the clerk did place in such record that the relator had been found guilty of "robbery," which latter word followed immediately after the parenthesis (robbery by use of firearms).

The nunc pro tunc judgment and sentence evidenced the fact that the failure to strike out the words in parenthesis was but a clerical error, and as such we think we were correct in holding herein that such an error could be corrected under the power given by the statute, and that such order could be made to speak the truth. The nunc pro tunc order bears the date of the original order, and of course becomes effective at such date.

It is contended that the nunc pro tunc judgment evidences another and different judgment than the one theretofore entered against relator in Orange County, and therefore is another and different punishment which he is called upon to suffer. Such a contention we do not deem to be sound. Relator is in said last order condemned to suffer the same fifteen years that he was originally called upon to suffer, and for the same crime, that is for "robbery," and the judgment and sentence bears the same date as the original judgment and sentence, and speaks the truth relative to what took place at the time judgment and sentence were first entered, according to the showing made herein; this latter order correctly reflects on

the record what actually took place, the first order failing through a mere clerical inadvertence to thus reflect the truth.

The motion for a rehearing is overruled.