

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXIIKXXIIKSIN~~
ATTORNEY GENERAL

Honorable D. W. Stakes, Manager
Texas Prison System
Huntsville, Texas

ATTENTION: Mr. J.C. Roberts

Dear Sir:

Opinion No. 0-7426
Re: The correction of a term of sen-
tence, correction of date of sen-
tence, presence of defendant for
sentence, and necessary papers to
prison officials for release to a
court of a convict for trial or
as a witness.

This acknowledges receipt of your letter of recent
date, which reads:

"As Record Clerk for the Texas Prison System,
I would appreciate an opinion on the following

"(1) Quite often after commitments are received
and prisoners confined to prison we receive a corrected
copy of sentence changing date of sentence to allow
for time spent in jail, is this a legal procedure?
(2) Also, advise if a prisoner sentenced to prison
on November 13, 1937, with a term of two to seven
years on a plea of guilty could be changed at this
time to read two to three years. (3) Can this be
done by the Judge of the Court which sentenced the
prisoner by forwarding corrected copy of commit-
ments to this office without returning the prisoner
to the Court which passed said sentence.

"(4) After prisoners are received with commit-
ments and another county should want the prisoner
for trial on charges pending or as a material wit-
ness, what papers should the court furnish the
Texas Prison System before we can legally release
a prisoner from Prison."

You will note that we have numbered your questions for
clarity.

As to question (2):

In Ex Parte Mattox, 129 S.W. (2d) 641, rehearing denied, relator, Mattox, had been confined for two years in the penitentiary but was released on a writ of habeas corpus when it was determined that the judgment and sentence under which he was being held were erroneous. The trial (District) Court then corrected said errors by a nunc pro tunc judgment and sentence and again placed Mattox in durance vile. Mattox appealed, and the Court of Criminal Appeals in upholding the Trial Courts's action said:

> "Upon the hearing of the State's motion for
> judgment nunc pro tunc the District Court found
> that the judgment . . . . and sentence . . . .did
> not reflect the true judgment entered nor the sen-
> tence pronounced, and directed the entry on the
> minutes of the nunc pro tunc judgment and sentence
> as reflecting the true facts . . . . ."  (Emphasis
> added). To the same effect see Bennett v. State,
> 194 S.W. 145, Motion for rehearing overruled.

In Ex Parte Patterson, 141 S.W. (2d) 319, rehearing denied, the Court of Criminal Appeals followed the Bennett and Mattox cases and said:

> "It seems that the basis of all such powers
> (of the Court making corrections) is that the or-
> ders or minutes thereof may be made to speak the
> truth relative to the occurrences about which the
> minutes purport to speak; there can not be a cor-
> rection of what should have been done, but can
> only be a correction to make the minutes show what
> was actually done at the time."  (Words in paren-
> theses and emphasis added).

In view of the foregoing we conclude that a form of sentence of two to seven years may be corrected to a term of two to three years only if the latter term was the one actually pronounced by the Court passing sentence. Therefore, if you receive from the Court which pronounced sentence a copy of the commitment purporting to set forth the true and correct term of sentence, then that term will be considered to be the correct term of sentence.

As to question (1):

By reason of the authorities cited supra it is apparent that the Court which pronounced sentence could correct an incorrect date of sentence to show the actual date of sentence.

That is, the record may be corrected to show the date on which sentence was actually pronounced.

We also note Article 768, CCP, which provides:

"If a new trial is not granted, nor judgment arrested in felony cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which defendant was convicted, may within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court; and provided further that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and/or sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the Clerk of the trial court, the judge is authorized to again call said defendant before him, and if, pending appeal, the defendant has not made bond or entered into recognizance and has remained in jail pending the time of such appeal, said trial judge may then in his discretion re-sentence the defendant, and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal; provided, however, that the provisions of this Act shall not apply after conviction and sentence in felony cases in which bond or recognizance is not permitted by law."

By reason of Article 768, CCP, it is apparent that the Court which pronounced sentence can give credit to prisoners for time spent in confinement prior to sentence. Therefore, if you receive from said Court a copy of sentence purporting to show the true and correct date of sentence, then that date will be considered to be the correct date of sentence.

It is our opinion that under the facts submitted the Court which pronounced sentence has not the power to change the term or date of sentence on record but may only correct said record to show what the Court actually did. It is further our opinion that the credit given by the Court pronouncing sentence for time spent in confinement prior to trial must be made at the time of sentence. If credit is given by the Court for time spent in jail by the defendant pending his appeal, it must be

done before the convict is transferred to the penitentiary, for the Court cannot re-sentence him in absentia. Of course, if the sentence entered upon the minutes of the Court in such cases does not speak the truth and is not in accord with the sentence actually pronounced by the Court, it may be corrected by the Court and made to speak the truth. On the other hand, if the sentence entered in the minutes of the Court does speak the truth, the sentence so entered may not be changed after the Court has adjourned for the term at which the sentence was pronounced or has expired by operation of law.

In this connection we are not to be understood as passing upon the constitutionality of those parts of Article 768 permitting a trial judge, in his discretion, to give the defendant credit on his sentence for time spent in jail either before his conviction or while his case is on appeal, for that question is not before us.

As to question (3):

The defendant must be present when sentence is pronounced, Article 767, CCP. However, in this instance it appears that the Court is not sentencing but is correcting the record to show the actual sentence pronounced. In Ex Parte Patterson, cited supra, one of the errors complained of by relator was that he was not present, although notified, at the hearing on the motion to correct the minutes. The Court of Criminal Appeals said:

"... .we do not think his (relator's) presence at the hearing was necessary to any greater degree than was his presence at the entering of the original minutes desired to be corrected." (Word in parentheses added).

We, therefore, conclude that the presence of the prisoner in this situation would not be required when such correction is entered.

As to question (4)

In Ex Parte Lowe, 251 S.W. 506, rehearing denied, the Court of Criminal Appeals said:

"We know of no statute in terms directing the issuance of the warrant in question, but at common law and in practice, a warrant issued from the bench or court is denominated a 'bench warrant.'

"It is also the writ used to bring a convict confined in the penitentiary to trial in another case."

In Lee v. State, 70 S.W. (2d) 190, the Court of Criminal Appeals adopted the opinion of the Commission of Appeals which said:

"If Lee, although a convict and confined in the penitentiary, was a competent witness and his testimony was material to appellant, then the appellant was entitled to his testimony.

"If the court had ordered the bench warrant issued . . . . he (Lee) could have been brought back . . . . within a few hours time and without causing any delay in the trial of any case." (Word in parentheses added).

In view of the foregoing it is our opinion that the Texas Prison System authorities may release a prisoner for trial or as a material witness upon the furnishing of a bench warrant, the form of which we are enclosing for your files.

We trust that the foregoing fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/William E. Stapp
    William E. Stapp
    Assistant

WES:zd:wc
Encl.

APPROVED OCT 25, 1946
s/Harris Toler
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman