EX PARTE JOHN D. BROWN.

No. 23991. Delivered April 21, 1948.

4

*Kahn and Heidingsfelder*, of Houston, for petitioner.

*Ernest S. Goens*, State's Attorney, of Austin, for the State,

HAWKINS, Presiding Judge.

We adopt the State's brief for a clear and comprehensive statement of the contentions of relator and the State, said brief being as follows:

### "BRIEF FOR THE STATE.

"This is an original application for writ of habeas corpus filed in the Court of Criminal Appeals, relator alleging in said application and petition that he is being illegally restrained of his liberty and confined in the State penitentiary, and specifically alleging that on the 20th day of September, 1943, he was indicted by the Grand Jury of Ellis County, Texas, in two causes, Nos. 9234 and 8235, each of said indictments charging relator with the offense of robbery by firearms; that thereafter, to-wit, on the 6th day of October, 1943, relator waived a jury and entered his plea of guilty in each of said causes of the offense charged in the indictment, to-wit, robbery by firearms, and, that, on said date, to-wit, October 6, 1943, judgment and sentence was entered in each of said causes, adjudging relator guilty of the offense of robbery by firearms, and fixing a penalty therefor at not less than five years nor more than his natural life in the penitentiary.

"Certified copies of the indictments, judgments and sentences are attached to said application and made a part thereof.

"The State has filed its answer in said cause, wherein it is alleged that the judgment and sentence in each of the cases complained of by relator were defective and did not truly reflect the judgment and sentence of the court, and that same were incorrectly entered in the minutes of the term of court at which relator was convicted.

"Thereafter, for the purpose of correcting the records in said causes, and in order to make them speak the truth, and correctly

reflect the judgment that was entered in each of said causes, the County Attorney of Ellis County filed his application, petition and request in the District Court of said Ellis County, Texas, praying that, since no new trial was granted in either of said causes, and that the judgments had not been arrested, nor appeal taken thereon, and since the State did in fact abandon that portion of the indictment charging robbery by the use of firearms, and, after having so abandoned said portion, relator timely filed, in each of said causes, his application to waive a jury and be permitted to plead guilty in each of said causes to the offense of robbery. The District Attorney filed his consent, as did the District Judge, to such procedure; that, after notice and hearing, the minutes of said court be corrected nunc pro tunc, showing the correct judgment and correct sentence in each of said causes.

"In compliance with said petition and request by the County Attorney, said motion came on for hearing before the Honorable A. R. Stout, Judge of the District Court of Ellis County, Texas, on the 31st day of December, 1947, with the relator being present in court after having been duly served with a copy of said motion and being duly represented by his attorney, L. D. Johnson, appointed by the Court, that said judgment and sentence in each of said causes will now truly reflect that on the date appellant entered his plea of guilty in said causes that the State abandoned that portion of the indictment charging robbery by the use of fire arms, and the accused timely entered his plea of guilty in each of said causes to the offense of robbery by assault; and the court, after said hearing, directed that the judgment and sentence in each of said causes which had theretofore been rendered on the 6th day of October, 1943, and which were incorrectly entered upon the minutes of the court, be now entered upon the minutes of the court as of the 6th of October, 1943, and that they reflect that relator entered his plea of guilty to the offense of robbery by assault, was by the court found guilty, and his punishment fixed at a term of life in the State penitentiary.

"Attached to the State's answer, and made a part thereof, for all purposes, are certified copies of the petition filed by the County Attorney of Ellis County, Texas, praying that the judgment and sentence in each of said causes be corrected, certified copies of the corrected judgments and sentence, as well as the certified copy of the waiver of a jury, and agreement to plead guilty.

"We therefore respectfully submit that, in the state of the record now before this Court, that relator is not entitled to the

relief sought, and, in support thereof, direct the Court's attention to Ex Parte Mattox, reported in 129 S. W. (2d) 641, and the authorities therein cited.

"Wherefore, the State respectfully prays that relator's application for writ of habeas corpus be denied.

"Ernest S. Goens,
"State's Attorney."

The copies of the indictments, judgment and sentences attached to relator's petition filed in this court indicated that he was entitled to the relief sought as against the convictions in Ellis County.

Art. 119 C. C. P., as amended by Act of the 48th Legislature, p. 354, ch. 233, authorized this court to "* * * direct any district judge * * * of this State to ascertain the facts necessary for proper consideration of the issues involved * * *". It would have been proper, therefore, for this court to have directed the District Judge of Ellis County to ascertain if the judgments and sentences from that court as they appeared in copies attached to relator's petition reflected the judgments and sentences actually rendered and pronounced. As soon as the situation was made known to the District Judge of Ellis County, without waiting for such direction from this court, he promptly, voluntarily and in the proper manner ascertained that although the copies attached to relator's petition truly reflected the judgments and sentences as they appeared in the minutes of the court, that such minutes did not in fact truly reflect the judgments and sentences actually rendered and pronounced; and in the proper procedure had judgments nunc pro tunc and sentences nunc pro tunc entered in the minutes of the court which did truly reflect the judgments actually rendered, and the sentences actually pronounced in relator's cases, and the circumstances showing that said judgments and sentences were regular and proper.

The case of Ex Parte Mattox, 137 Tex. Cr. R. 380, 129 S. W. (2d) 641, reflects a situation much like that found in the instant case, and supports the procedure here followed.

An examination of the nunc pro tunc judgments and sentences shows that relator is not entitled to the relief sought, and the writ of habeas corpus is denied.