## LEON EDWARD KOUDELKA V. STATE

No. 31,649. March 23, 1960

Motion for Rehearing Overruled May 4, 1960

*Peter P. Cheswick,* Houston, for appellant.

*Wallace T. Barber,* District Attorney, San Marcos, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

On January 19, 1959, appellant was convicted upon a plea of guilty in the district court of Austin County in Cause No.

442

4307 of the offense of rape, and his punishment assessed by the jury at 50 years in the state penitentiary. On such date judgment was rendered and sentence pronounced thereon by the court. No notice of appeal was given by appellant and he was committed to the state penitentiary to serve the sentence pronounced against him in the cause.

On November 12, 1959, appellant filed in the district court of Austin County his application for writ of habeas corpus and discharge from the state penitentiary in which he alleged that the judgment and sentence under which he was being confined were void because the court did not comply with the provisions of Art. 501, V.A.C.C.P. before accepting his plea of guilty in the cause. The writ of habeas corpus was issued by the court and the hearing on the application was set for November 24, 1959.

On November 17, 1959, the state, by and through the district attorney, filed a motion to correct the judgment in the cause nunc pro tunc, alleging that the court did follow the requirements of Art. 501, supra, in admonishing the appellant and ascertaining that he was sane before accepting his plea but that "through accident" the record of the judgment entered in the minutes of the court failed to correctly reflect such facts. Prayer was that the record be corrected by entry of a correct judgment nunc pro tunc. Hearing on the state's motion was by the court also set for November 24, 1959.

On the date set for the hearing of both the appellant's application and the state's motion, the court proceeded to first hear the state's motion to correct the judgment nunc pro tunc and after such hearing was concluded and the motion granted, the court proceeded to hear the appellant's application for discharge from the penitentiary which, at the conclusion of the hearing, the court denied.

From both adverse rulings of the court appellant gave notice of appeal.

At the hearing it was conclusively shown by the testimony of the official court reporter, the trial judge and the district attorney, that while the judgment entered upon the minutes of the court did not recite that the appellant was admonished and his sanity ascertained by the court before his plea of guilty was received, in truth and in fact the court did duly admonish the

appellant and determine that he was sane before receiving his plea of guilty.

The court was not without authority to correct the minutes so as to make them truly reflect the judgment pronounced. Ex parte Mattox, 137 Tex. Cr. R. 380, 129 S.W. 641; Ex parte Brown, 152 Tex. Cr. R. 3, 210 S.W. 2d 597 and Johnson v. State, 168 Tex. Cr. R. 79, 323 S.W. 2d 449: Under the record the entry by the court of the judgment nunc pro tunc so as to show that appellant was duly admonished and his sanity ascertained by the court before his plea of guilty was received, was authorized.

The court did not err in denying the application for release by writ of habeas corpus as the record clearly shows a compliance with Art. 501, supra, by the court in receiving appellant's plea of guilty.

The judgments are affirmed.

Opinion approved by the Court.