

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00520-CR

_____

ARMANDO VEJAR,
AKA ARMANDO VEJAR PEÑALOZA,
AKA ARMANDO PEÑALOSA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1081H; Honorable Roland Saul, Presiding[1]

December 1, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a jury trial, Appellant, Armando Vejar, aka Armando Vejar Pealoza, aka Armando Peñalosa, was convicted of the offense of possession of a controlled substance, a state jail felony, and assessed a sentence of 300 days confinement,

---

[1] Appellant filed a motion to recuse the Honorable Ronald E. Enns, judge of the 69th District Court. Judge Enns voluntarily recused himself and the Honorable Kelly Moore, Presiding Judge of the Ninth Administrative Judicial Region, appointed the Honorable Roland Saul, judge of 222nd District Court to act in his stead for purposes of this cause. *See* TEX. GOV'T CODE ANN. § 74.056 (West 2013).

suspended for a period of four years, and a fine of $1,500. The judgment entered reflects Appellant is entitled to 323 days credit for time served while awaiting trial. By a single issue presented in his original brief, Appellant contests the sufficiency of the evidence to support the verdict of the jury. By an additional issue raised in a supplemental brief filed with the permission of this Court, Appellant contends the trial court erred in suspending the imposition of a sentence that, on the face of the judgment, had been fully discharged. Finding the evidence to be sufficient and the period of confinement to have been fully served, we modify the judgment to delete the suspension of the imposition of sentence and affirm the judgment of the trial court as modified.

BACKGROUND

On June 21, 2011, a deputy with the Hartley County Sheriff's Department stopped a motor vehicle for an expired inspection sticker. The deputy's testimony revealed that as the officer approached the vehicle he observed a "small clear baggy with a white substance" being thrown out the passenger side window of the vehicle. The person sitting in the front passenger seat of the vehicle was Appellant. At that time, the deputy asked Appellant to step out of the vehicle, which he did. In response to the deputy's question as to what he had thrown out the window, Appellant answered, "Cocaine." The deputy then asked Appellant to pick up the cocaine and hand it to him. Appellant picked up the plastic bag that had been thrown from the vehicle and handed it to the deputy. Appellant was then arrested for possession of a controlled substance. A search of the vehicle and its driver revealed no additional contraband.

At trial, although his responses were conflicting, the deputy identified Appellant as being the person he observed throw the plastic bag out of the window. Forensic testimony established that the plastic bag contained cocaine.

STANDARD OF REVIEW

We review challenges to the sufficiency of the evidence under the standards discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We refer the parties to those cases.

According to the indictment in this case, in order to obtain a conviction, the State was required to show Appellant knowingly possessed a controlled substance, to-wit: cocaine, in an amount of less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). Where the accused does not have actual possession of the controlled substance or exclusive possession of the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are independent facts or circumstances that tend to connect or link[2] the accused to the knowing possession of the contraband. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006).

---

[2] The Court of Criminal Appeals has recognized that the term "affirmative" adds nothing to the plain meaning of "link" and now uses only the word "link" to evaluate evidence of possession. *Evans v. State*, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006). A link is a fact or circumstance which generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Lair v. State*, 265 S.W.3d 580, 600 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The evidence demonstrating such links may be direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Evidence tending to establish possession may consist of such things as 1) the accused's presence when the search was conducted, 2) the location of the evidence and its visibility, 3) whether the accused owned or exercised control of the premises where the substance was located, 4) the accessibility and proximity of the drugs to the accused, 5) the presence of drug paraphernalia on or about the accused, 6) the nature of the location at which the accused was arrested, 7) whether the accused attempted to flee, 8) the quantity of contraband involved, 9) the manner of packaging, 10) the accused's possession of large amounts of cash, and 11) the accused's status as a drug user. *See Olivarez v. State,* 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (discussing the links to show possession); *Williams v. State,* 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (discussing the factors that can be considered to determine the intent to deliver). With that said, we turn to the record before us.

ANALYSIS

Here, Appellant contends this evidence is insufficient to establish beyond a reasonable doubt that he exercised care, custody or control over the controlled substance subsequently recovered from the clear plastic bag thrown out the passenger window because he was not in actual physical possession of the bag or its contents when he was arrested. What Appellant totally ignores is the fact that the deputy

4

testified that he personally observed Appellant throw the plastic bag out of the window.[3] As such, there is direct evidence that Appellant was in possession of the plastic bag.

Furthermore, the plastic bag was recovered in close proximity to Appellant, along a roadway, where his statements to the deputy indicated he was fully aware of the location and existence of the plastic bag and the fact it contained cocaine. Testimony from a forensic chemist associated with the Crime Lab of the Texas Department of Public Safety also established the bag contained .55 grams of a substance that contained cocaine. Based on these facts, we find that a reasonable juror could have found the essential elements of the offense charged beyond a reasonable doubt. Appellant's first issue is overruled.

REFORMATION OF SENTENCE

After the jury returned its verdict of guilty, the attorney for the State and the attorney for Appellant advised the trial court that an agreement had been reached as to the term of punishment. The attorney for the State announced, "[t]he agreement is for 300 days confinement, and then we'll let the Court assess the term of probation." Without the presentation of any witnesses, both sides rested and closed. The trial court then announced, "Mr. Penalosa . . . [y]our punishment is assessed at confinement in the Texas Department of Criminal Justice, State Jail Division, for a period of 300 days, and by a fine of $1,500. However, the state jail sentence is suspended and you are placed on probation for a period of four years." Nothing was said about the amount of time

---

[3] Although the record does reflect the officer's testimony on this point as equivocating, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, the jury was free to believe some, all, or none of that testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

Appellant had been sitting in jail awaiting trial. Two days later, when the judgment was signed, Appellant's sentence was credited with 323 days of time served.

A trial court does not have the power or authority to suspend a defendant's sentence once that sentence has been served. *See Ex parte Lange*, 85 U.S. 163, 174, 21 L.Ed. 872 (1874); *Turner v. State*, 116 Tex. Crim. 154, 31 S.W.2d 809, 810 (Tex. Crim. App. 1930) (holding the prohibition against double jeopardy forbids any increase in a defendant's sentence once that sentence has been served or executed). Accordingly, because you cannot suspend a sentence that has already been served, the trial court's judgment suspending imposition of Appellant's sentence in this case was incorrect. Appellant's supplemental issue is sustained.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, the judgment of the trial court is reformed to delete 1) the reference on page one of the judgment to "probated for Four (4) Years," and 2) all other provisions contained in the judgment concerning the suspension of the imposition of sentence in accordance with article 42.12 of the Texas Code of Criminal Procedure.

CONCLUSION

As reformed, the judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

7